No. 25,506.

SMITH SYSTEM HEATING COMPANY, *Appellant*, v. SCHOOL DISTRICT
No. 44, BOURBON COUNTY, HENRY SCOTT, Director, FRANK
PINTER, Treasurer, and FRED DODGE, Clerk, *Appellees.*

### SYLLABUS BY THE COURT.

SALE OF HEATING PLANT—*Breach of Warranty—Evidence.* The evidence is
held to have been sufficient to sustain a finding of a breach of warranty
of the quality of a heating plant.

Appeal from Bourbon district court; EDWARD C. GATES, judge. Opinion
filed January 10, 1925. Affirmed.

*Fred W. Bayless*, of Fort Scott, for the appellant.
*John L. Connolly*, of Fort Scott, for the appellees.

The opinion of the court was delivered by

MASON, J.: The plaintiff installed a heating plant in a district
schoolhouse, and brought this action to recover the agreed price.
The school district resisted collection on the ground that a guaranty
of its operation with respect to heating and ventilation had been
broken. On a trial without a jury judgment was rendered for the
defendant, and the plaintiff appeals.

The principal contention of the plaintiff is that there was no evi-
dence to sustain a finding of a breach of warranty—that the evi-
dence conclusively showed that the heater complied substantially
if not literally with the terms of the contract, and that if at any
time it failed to do so the fault lay in the failure of those using it
to follow instructions. There was considerable testimony in sup-
port of the plaintiff's view, but there was also some of a contrary
tendency. Witnesses for the defendant testified not only that the
heater did not give proper results, but that the agent who sold it,
upon request of the board, agreed to remove it within ten days;
that he said all he wanted was authority to take it out. A review
of the evidence in detail is not regarded as necessary to show the
basis of the decision we reach, which is that it was sufficient to
support the judgment.

Complaint is also made of the admission of evidence tending to
contradict the terms of the written contract. We think the evi-
dence was sufficient to sustain a finding of a breach of the warranty

as written, and inasmuch as no jury was present a reversal would not be ordered even if the challenged evidence was not competent, the presumption in that case being that it did not influence the decision.

The judgment is affirmed.